# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DURAN; JESUS BARBOSA; PATTY BARBOSA,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ALLIED INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY,<br><br>            Defendants. | CASE NO. 06cv2534 JM(POR)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING MOTION TO DISMISS; AND DENYING MOTION TO STRIKE AS MOOT** |

Defendant Allstate Insurance Company ("Allststate") moves for judgment on the pleadings and Defendants Amco Insurance Company ("Amco") and Nationwide Insurance Company ("Nationwide") separately move to dismiss the First Amendment Complaint ("FAC") and to strike the prayer for punitive damages. Plaintiffs Ricardo Duran, Jesus Barbosa, and Patty Barbosa have not responded to the motions as required by Local Rule 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1) this matter is appropriate for decision without oral argument. For the reason set forth below, the motions for judgment on the pleadings and to dismiss are granted with prejudice. The motion to strike is denied as moot. The Clerk of Court is instructed to close the file.

## BACKGROUND

The FAC, originally filed on April 4, 2006 in the San Diego Superior Court, alleges three claims for relief arising from the alleged breach of a contract for insurance. On November 17, 2006 Allstate removed this action based upon complete diversity jurisdiction under 28 U.S.C. §1332. Amco

1  has joined in Allstate's removal.  As of the date of removal defendants Allied Insurance Company
2  ("Allied") and Nationwide had yet to be served with the summons and complaint. (Notice of Removal
3  ¶¶11, 13).  Nationwide appeared in this action on December 5, 2006.  Complete diversity of
4  citizenship is not disputed.

5  Following a landslide in Oceanside, California in 2005, Plaintiffs' Duran and Barbosa suffered
6  property damage. (FAC ¶6). Plaintiffs allege that the landslide was caused by the City of Oceanside's
7  failure to maintain water and sewer lines in the neighborhood. (FAC ¶9).  At the time, Duran was
8  insured by Allstate and the Barbosas by Amco.  The insurers claimed that the losses were specifically
9  excluded from coverage.  Plaintiffs claim that denial of coverage, based upon the insurance policies
10 at issue, establishes claims for breach of contract, bad faith, and emotional distress.

11 The moving parties claim that there are no circumstances under which Plaintiff can state a
12 claim because of the earth movement and third party negligence exclusions contained in the insurance
13 policies.  Plaintiffs do not dispute that the exclusions apply to bar their claims.

## DISCUSSION

**Rule 12(c) Motion, Judgment on the Pleadings**

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. Fed.R.Civ.P. 12(c).  Like a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from the allegations must be construed in favor or the responding party.  See General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).  A party is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support the plaintiff's legal theory. Id.  Judgment on the pleadings may not be granted "unless it appears beyond a doubt that the [non-moving] party cannot prove any facts that would support his claim for relief."  R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO, 335 F.3d 643, 647 (7th Cir. 2003).  The court may consider documents referred to in a complaint.  See Shwarz v. Untied States, 234 F.3d 428, 435 (9th Cir. 2000).

28  / / /

**The Motions**

At the heart of each motion is the legal argument that there are no circumstances under which Plaintiffs can state a claim because the earth movement and third party negligence exclusions preclude any coverage under the insurance policies. There is no dispute that the contracts of insurance contain such exclusions. (Compl. Exhs. A, B; Allstate Request for Judicial Notice). Moreover, Plaintiffs's counsel filed a nearly identical complaint, with different Plaintiffs, alleging that Allstate breached the same insurance contract in relation to the 2005 Oceanside landslide. There, Judge Burns concluded:

> [Plaintiffs] offer no support for their theory they could potentially amend the Complaint to state a claim on these facts under this policy. Any amendment to the Complaint [would not be] adequate to save this action [and] would have to adopt a position different from the position plaintiffs have taken in this case and in a state court case seeking a $20,000,000 recovery from the City for allegedly causing the landslide and resulting property damage through its negligence. The Loughneys have stated their causation facts to be the City of Oceanside's negligence [that] caused the slope to fail, resulting in property damage from the ensuing landslide.
>
> The court finds the breach of contract claim fails as a matter of law because the claim's viability depends upon the existence of coverage for two causes of damage (landslide and third-party negligence) explicitly excluded under the plain language of the Loughneys' homeowner's policy.

Loughney v. Allstate, No. 06cv1020 LAB(RBB), 2006 U.S. Dis. LEXIS 82207, *7-*9 (S.D. Cal. Oct. 31, 2006).

Here, in light of the policy exclusions, and based on Plaintiffs' failure to oppose or file a statement of non-opposition as required by Local Rule 7.1(e)(2), the court finds that there are no circumstances under which Plaintiffs can state a claim for relief. Accordingly, the court grants the motion for judgment on the pleadings, grants the motion to dismiss, and denies the motion to strike the prayer for punitive damages as moot. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: February 8, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties